UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| ANTHONY RAY FORNEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:22-CV-76 |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT CUPP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a pro se prisoner, has filed a motion for leave to proceed *in forma pauperis* [Doc. 29], along with multiple letters, notices and one document which is styled as a motion to amend Plaintiff's original complaint. [Docs. 24-28; 30-36]. These various filings appear to primarily allege violations of 42 U.S.C. § 1983. *Id.* Plaintiff filed these pleadings after entry of an order by the District Court on July 7, 2022, denying his request to proceed *in forma pauperis,* assessing him with the civil filing fee in this case, and dismissing his claims without prejudice.[1] [Doc. 23]. Plaintiff did not appeal the District Court's order. Thereafter, Plaintiff filed multiple documents, notices, and motions [Docs. 24-36] which are before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court.

I.   *IN FORMA PAUPERIS* **MOTION**

Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma*

---

[1] Plaintiff had moved the Court to dismiss his Complaint so that he could hire an attorney. [Doc. 5].

*pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). Plaintiff has filed an Application to Proceed Without Prepayment of Fees, but he has not filed a certified copy of his inmate trust account. While normally the Court would enter an order permitting Plaintiff the opportunity to supplement his filing with the required trust account documents, because the District Court has already entered an Order denying Plaintiff's request to proceed in *in forma pauperis* in this action, assessed Plaintiff with the civil filing fee, and dismissed the case, permitting Plaintiff to do so would be futile. As such, this Court **RECOMMENDS** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 29] be **DENIED**.

## II. SCREENING STANDARD

While given the Court's recommendation above, screening may not be mandated, the Court will proceed with that process. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). As an initial matter, the Court notes that because Plaintiff's initial complaint had already been dismissed [Doc. 23] and the case closed, if Plaintiff wished to further pursue the claims originally brought in this action, he should have filed a new compliant instead of a request to amend his previously dismissed complaint. However, due to the volume of Plaintiff's filings and his *pro se* status, the Court found it prudent to address the merits of the filings even though Plaintiff did not use the proper vehicle for bringing these claims before the Court.

In the instant action, Plaintiff submitted an Application to Proceed Without Prepayment of Fees in addition to five separate letters to the Court, seven notices, and a motion to amend, all of which are largely incomprehensible and often illegible. [Docs. 24-36]. The same was true of

Plaintiff's filings made in this matter prior to his case being dismissed by the District Court. *See* [Docs. 1-22]. In considering those portions of Plaintiff's application and letters that are discernable, they primarily reflect an attempt to assert alleged civil rights violations through a series of conclusory allegations in which Plaintiff claims he has been harassed and assaulted by various governmental and non-governmental entities. While in certain of Plaintiff's filings he states who is trying to bring a claim against, even then he provides no specific factual basis for those claims. Instead, he has filed page after page of stream of consciousness complaints.

The Court will now attempt to address those portions of the pleadings which are at least to some extent discernable and legible to determine whether they present a plausible cause of action such that Plaintiff's case may proceed beyond the §1915 screening stage. In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18-CV-2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a *pro se* litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . ..'" *Profitt v. Divine Sol.*, No. 3:10-

CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985)).

While not an exhaustive list, the Court will provide examples of the claims made by Plaintiff in his various filings. Plaintiff accuses "the feds" of harassing him by arresting him, opening his mail, and locking him out of his Facebook and Google accounts. [Doc. 32, p. 1; Doc. 33, p. 1; Doc. 34, p. 4, 6]. Plaintiff also accuses various named and unnamed police officers and prison guards of abusive behavior. He alleges to have been assaulted by thirteen unnamed officers, beaten up by officers "Wallace," "Stout," and "Garrett," and sexually assaulted by officers "McMillan" and "Valentine." [Doc. 35, p. 2, 7, 17, 19]. Additionally, he accuses unnamed employees at Johnson City Medical Center, Woodridge Hospital, and Ballad Health of "drugging" him against his will. [Doc. 35, p. 8]. Finally, Plaintiff repeatedly alleges that various unnamed government officials have attempted to murder him. [Doc. 35, p. 1, 7; Doc. 36, p. 23].

As to the above allegations, Plaintiff fails to state when or where the alleged actions occurred, and while he does name some individuals, he does not sufficiently explain the nature of what action they allegedly took against him. The Court is not permitted to hypothesize about how some or all of the defendants engaged in the acts alleged. Rather, Plaintiff, like all litigants, is required to offer factual support for his allegations with sufficient detail to permit the Court to meaningfully consider whether a plausible claim exists against any or all Defendants. Because Plaintiff's pleadings are devoid of such factual support, the Court is left with no choice but to recommend dismissal.

Simply stated, the discernable and legible portions of the instant pleadings do not provide a sufficient explanation for how Plaintiff claims that defendants, individually or in concert, acted to violate his civil rights. As such, Plaintiff has failed to set forth a claim for deprivation of rights

under the Constitution or other laws and has further failed to show that any named defendant caused an alleged deprivation while acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). The Sixth Circuit has warned that "[i]f a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). Here, Plaintiff has failed to establish factual support for multiple elements of a §1983 civil rights claim.

### III. CONCLUSION

For reasons stated above, it is **RECOMMENDED** that Plaintiff's Motion [Doc. 29] seeking to proceed in forma pauperis be **DENIED**. It is further **RECOMMENDED** that his other "pleadings" [Docs. 28, 30-36] filed after the District Court dismissed this action be collectively treated as a request to amend his original complaint [Doc. 1], that Plaintiff's request to amend be **DENIED**, and that this case remain closed. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990), wherein the Court states that such matters proceed to a district judge for examination after a magistrate judge has denied the petition to proceed *in forma pauperis*.[2]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).